Filed 9/30/25  P. v. Burns CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FRANK BURNS,<br><br>     Defendant and Appellant. | A168662<br><br>(San Mateo County<br>Super. Ct. No. 23SF002808A) |

Frank Burns appeals from a judgment following his convictions for conspiracy and inducing false testimony by a victim of domestic violence.  After finding Burns had a prior strike conviction, the trial court sentenced him under the Three Strikes law to an aggregate term of 32 months in prison.  On appeal, Burns contends the court erred in denying his motion to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We shall affirm the judgment.

## BACKGROUND

In June 2023, Burns was charged by information with committing three offenses:  conspiracy to induce false testimony, a felony (Pen. Code, §§ 137, subd. (c), 182, subd. (a)(1))[1]; inducing false testimony, a misdemeanor

---

[1]  Statutory references are to the Penal Code.

1

(§ 137, subd. (c)); and conspiring to violate a protective order, a felony (§§ 182, subd. (a)(1), 166, subd. (c)(1)). The events that gave rise to these charges occurred in November 2022, when Burns was in jail for an unrelated matter. Burns's cellmate at the time, Jason Hewitt, had been charged with domestic violence and was subject to a restraining order prohibiting contact with the victim, Sarah Doe, either directly or through a third party.

Evidence presented at trial showed that between November 17 and November 23, 2022, Burns acted as an intermediary between Hewitt and Doe by arranging and participating in phone calls with Doe and by using a chess game metaphor to coach Doe about what to say if called to testify against Hewitt. The evidence also showed that Doe followed Burns's directions when she testified at Hewitt's preliminary hearing. And after Burns was released from jail in December, he continued to maintain contact with Doe and to act as Hewitt's intermediary.

Burns denied wrongdoing, testifying at trial that he did not know about the restraining order prohibiting Hewitt from contacting Doe. Burns explained to the jury that he reached out to Doe of his own accord in his capacity as a senior inmate at the jail because it was his responsibility to investigate charges against new inmates, and he denied attempting to influence her testimony.

On June 16, 2023, the jury convicted Burns of all charges. On June 22, the court found Burns had suffered a 1991 conviction for first degree murder that constitutes a strike under the Three Strikes law. (§§ 187, 667, subds. (b)–(i), 1170.12.) The court found that the People also proved that Burns incurred another felony conviction in 2001 for possession of a weapon while in custody. (§ 4502, subd. (a).) In addition, the People presented evidence that Burns was convicted of committing a felony burglary in 2022,

but the court did not treat that offense as a qualifying prior conviction for sentencing purposes because it appeared that the burglary was committed during the same time that Burns committed his current offenses.

On August 23, 2023, the court held a sentencing hearing. Burns's threshold request was to strike the prior strike allegation. Defense counsel argued the 1991 murder conviction was more than 30 years old, was committed when Burns was a youthful offender, and was unrelated to the current offense which involved only misdemeanor conduct. Burns also relied on evidence of his "horrible" early life, and his effort to integrate into society after serving a lengthy prison sentence. Regarding sentencing, Burns requested that the court place him on probation or, alternatively, impose a minimum term so he could return to society.

The People requested that the court deny the *Romero* motion and impose a midterm four-year prison sentence. They forcefully disagreed with the defense's characterization of the current offenses as involving only misdemeanor conduct. According to the People, Burns took advantage of a vulnerable domestic violence victim and made a mockery of the justice system. The People also argued that Burns does not fall outside the spirit of the Three Strikes law notwithstanding that the murder was committed a long time ago, and pointed out that Burns was on parole for only a short time before committing a burglary and then the current offenses.

The court ruled on the *Romero* motion first. It recognized that the strike was "remote in nature," but also found the crime was extremely serious. The court also considered defendant's conduct since committing the strike offense: he committed a felony while in prison by having a weapon; he committed a burglary while he was on parole for the strike offense; and he was in jail for the burglary when he committed the current offenses. Thus,

3

"his ability to successfully complete parole did not occur," the court found. As to other pertinent factors, the court found that Burns has a history of violence but his current offenses did not involve violence. The court also considered mitigating evidence pertaining to Burns's "background, age, history, [and] health issues." But, at "the end of the day," the court concluded that it could not find that Burns falls outside the spirit of the Three Strikes law, particularly in light of his inability to successfully complete parole, and the fact that he committed burglary around the same time that he committed the current offenses.

Regarding sentencing, the court found there were aggravating circumstances as to the current offenses, in that Burns took advantage of a vulnerable victim and displayed criminal sophistication. However, there was "clear mitigation" with respect to Burns's childhood upbringing which was "extremely difficult," and based on that factor alone, the court elected to impose a lower rather than midterm sentence. Using the conviction for conspiring to induce false testimony as the base offense, the court imposed a low term of 16 months, which was doubled due to the strike. For inducing false testimony, which was charged as a misdemeanor violation of section 137, subdivision (c), the court imposed a 179 day jail term, with credit for time served. Finally, as to the conviction for conspiring to violate the protective order, the court stayed imposition of sentence pursuant to section 654.

## DISCUSSION

Burns contends the trial court erred by denying his *Romero* motion because the record shows that he falls outside the spirit of the Three Strikes law. We do not agree.

4

The Three Strikes law " 'was intended to restrict courts' discretion in sentencing repeat offenders.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*), quoting *Romero*, *supra*, 13 Cal.4th at p. 528.) "To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*Carmony*, at p. 377.)

Under this statutory scheme, the trial court retains discretion to strike prior convictions in the furtherance of justice. (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 504, 529–530.) In exercising this discretion, the court " 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Carmony*, *supra*, 33 Cal.4th at p. 377, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.) The standards for striking prior convictions under the Three Strikes law are "stringent." (*Carmony*, at p. 377.) The law establishes a sentencing norm, "circumscribes the trial court's power to depart from this norm," and requires it to justify explicitly its decision to do so, creating a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id*. at p. 378.)

5

We review the trial court's denial of a motion to strike a prior strike conviction for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 374.) If the record shows the court " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we will affirm its ruling, " 'even if we might have ruled differently in the first instance.' " (*Id.* at p. 378.) Generally, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) The circumstances must be "extraordinary," such that "no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme." (*Id.* at p. 378.) This means a court will be found to have abused its discretion in failing to strike a prior felony conviction allegation only in limited circumstances, such as where the court was unaware of its discretion or considered impermissible factors. (*Ibid.*)

Applying these principles, we conclude the court did not abuse its discretion here. The record shows that the court considered relevant factors not impermissible ones. Moreover, it took account of potentially mitigating factors and circumstances. Ultimately though, Burns's history of continuing to violate the law and failing to succeed on parole caused the court to determine it would not depart from the sentencing norm established by the statutory scheme.

Burns contends that a proper consideration of the totality of the circumstances precludes characterizing him as a "career or habitual criminal within the meaning of the Three Strikes law." As support for this contention, Burns relies primarily on *People v. Avila* (2020) 57 Cal.App.5th 1134, 1143 (*Avila*). The *Avila* defendant, who had two strike priors, was convicted of attempted second degree robbery and attempted extortion, based on evidence that he had demanded that people selling oranges near a freeway off-ramp

6

pay him rent for selling at that location and destroyed bags of fruit when they refused to pay. (*Id.* at p. 1139.) The trial court imposed a third strike sentence, denying the defendant's *Romero* motion, but the appellate court reversed. The *Avila* court found that the trial court had abused its discretion in numerous ways: it refused to consider applicable mitigating factors, including that the defendant's strike priors were remote in time and were committed when defendant was 18 and 20 years old (*id.* at pp. 1141–1142); it mischaracterized defendant's current offenses as violent crimes (*id.* at pp. 1142–1143); and it did not consider whether it would be "unjust" to impose a sentence that meant the defendant would "likely die in prison" (*id.* at p. 1144). Ultimately, the *Avila* court concluded that "no reasonable person could agree that the sentence imposed on Avila was just." (*Id.* at p. 1145.)

*Avila* does not assist Burns here, where the record shows that the trial court considered the relevant factors and did not mischaracterize the nature of Burns's offenses or any other evidence. Burns's efforts to suggest otherwise are unavailing. For example, he acknowledges the "seriousness of the murder" that he committed, but intimates that the court failed to consider its remoteness, and the fact that he was only 24 when he committed that offense. But Burns's trial counsel emphasized these same facts and nothing in the record supports his assumption that the court ignored them. (See e.g., *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097 [sentencing error not presumed from a silent record].) Moreover, the trial court did expressly recognize that the remoteness of the strike was a relevant factor, and for that reason it correctly focused on Burns's conduct after the strike was committed. (See *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) This is because the remote nature of a strike may be justification for granting a *Romero* motion if the crime was followed by "a crime-free cleansing period

7

of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Ibid*.) Here, the record of Burns's convictions shows that he committed felonies while in prison, while on parole, and again while he was jail. Burns attempts to discount these facts by describing his post-strike offenses as relatively less serious. This comparison is not dispositive, particularly when Burns's strike was for a first degree murder. Carrying a weapon in prison and committing a felony burglary are serious offenses and potentially extremely dangerous. The trial court did not abuse its discretion by considering these offenses in deciding not to dismiss the strike prior despite its remoteness.

Although Burns purports to base his claim on the totality of the circumstances, the nub of his argument is that the court should have given greater weight to mitigating factors. The argument fails in light of our standard of review; the question is not whether we would have granted defendant's motion, but whether the trial court could have reasonably concluded that the defendant did not fall outside the spirit of the Three Strikes law. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) In contrast to *Avila*, the facts of this case do not compel a finding that the sentence imposed on Burns was unjust. (Compare with *Avila*, *supra*, 57 Cal.App.5th at p. 1145.) This is so, even in light of the "growing trend" to reduce long prison sentences and focus on rehabilitation. In presenting these policy arguments, Burns glosses over the fact that he had been released from prison and was on parole when he committed a burglary and the current offenses.

In sum, the principles governing a *Romero* motion and our attendant standard of review are well settled, and we apply them here in upholding the trial court's determination that Burns does not fall outside the spirit of the Three Strikes law.

# DISPOSITION

The judgment is affirmed.

TUCHER, P. J.

WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.

*People v. Burns* (A168662)